IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 21, 2019 Session

# TIMOTHY HOPSON v. AMERICAN ADVISORS GROUP

**Appeal from the Circuit Court for Carter County**
**No. C14272     Jean A. Stanley, Judge**

_____

**No. E2018-01916-COA-R3-CV**
_____

AND

# TIMOTHY HOPSON, EX REL. ELIZABETH MILLER V. AMERICAN ADVISORS GROUP

**Appeal from the Circuit Court for Carter County**
**No. C14349     James E. Lauderback, Judge**

_____

**No. E2018-01698-COA-R3-CV**
_____

This is a consolidated appeal concerning real property granted to the defendant in a detainer action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J. and D. MICHAEL SWINEY, C.J., joined.

Timothy Hopson, Johnson City, Tennessee, pro se.

H. Keith Morrison, Fayetteville, Arkansas, for the appellee, American Advisors Group.

## MEMORANDUM OPINION[1]

On November 12, 2015, Elizabeth Miller ("Decedent") executed a deed of trust secured by a loan in the amount of $240,000 for real property located in Johnson City. She died on August 1, 2017. The deed of trust was foreclosed by the substitute trustee, and a substitute trustee's deed was recorded, vesting the property in American Advisors Group ("Defendant"). Defendant then filed a detainer action in General Sessions Court and was granted possession of the property.

Decedent's son, Timothy Hopson ("Plaintiff"), filed a notice of appeal to Circuit Court ("Case 1") before Judge Stanley. At the hearing held on April 4, 2018, Plaintiff advised the court that he intended to secure financing to purchase the property but needed more time. The court found that Defendant was entitled to possession but granted a continuance to allow Plaintiff time in which to secure financing to purchase the property. The parties returned on May 14; however, Plaintiff still had not secured the necessary funds. The court granted Plaintiff an additional 45-day continuance to provide proof that he had secured financing but advised Plaintiff that an order of possession would enter in the absence of such proof.

During the pendency of the proceeding, Plaintiff initiated a new action, also in Circuit Court ("Case 2") before Judge Lauderback. This time, Plaintiff filed the action on behalf of Decedent. However, he had not yet been granted letters of administration to act in Decedent's stead. Defendant filed a motion to dismiss. The court in Case 2 dismissed the action based upon the doctrine of prior suit pending and Plaintiff's lack of standing because he had not been granted authority by the Probate Court to act as the administrator ad litem for Decedent's estate.

Meanwhile, the court in Case 1 issued a writ of possession to Defendant because Plaintiff failed to provide proof of financing by the deadline. Plaintiff appealed the dismissal of both actions to this court. We consolidated the appeals on July 8, 2019.

As a threshold issue, Defendant requests dismissal of this consolidated appeal as a result of Plaintiff's failure to follow the Tennessee Rules of Appellate Procedure. We

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

agree with Defendant that the brief is lacking in appropriate citation and argument, among other deficiencies. Given Plaintiff's status as a pro se litigant, we will briefly address the cogent issues raised on appeal, namely (1) the granting of a writ of possession and (2) the dismissal of the second suit for lack of standing. *See Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) ("The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs.").

First, Plaintiff argues that the trial court erred in granting Defendant a writ of possession. He claims that he should have been entitled to simply continue payments on Decedent's existing loan. Defendant responds that the proper designation of the substitute trustee gave it the authority to conduct a foreclosure sale of the property and then obtain a writ of possession through a detainer action. Defendant argues that Plaintiff has no legal right to the property.

Pursuant to the deed of trust at issue in this case, the loan was properly accelerated upon the death of the borrower. Either a designation as a co-borrower or a non-borrowing spouse would have entitled Plaintiff to some form of relief from the detainer action. Plaintiff is neither. Despite this fact, the court granted him additional time in which to secure financing to make a qualified offer of purchase for the property. Plaintiff failed to make a qualified offer; therefore, he has no legal right to the property.

Next, Plaintiff objects to the dismissal of his second suit filed on behalf of Decedent. He claims that the detainer action violated his rights as an heir. Our review of the record confirms that Plaintiff had no standing to file suit on behalf of Decedent's estate because he had not obtained the requisite letters of administration or letters testamentary. Tenn. Code Ann. § 30-1-101 ("No person shall presume to enter upon the administration of any deceased person's estate until the person has obtained letters of administration or letters testamentary.").[2] Likewise, "pro se litigants may not litigate on behalf of another individual." *Vandergriff v. Parkridge E. Hosp.*, 482 S.W.3d 545, 553 (Tenn. Ct. App. 2015).

In consideration of the foregoing, we affirm the court in both actions and remand for such further proceedings as may be necessary. Costs of this consolidated appeal are taxed to the appellant, Timothy Hopson.

_____
JOHN W. McCLARTY, JUDGE

_____

[2] Plaintiff confirmed that he did not pursue his request for appointment as administrator of the estate because he had been advised that his case was not an estate matter.