IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 3, 2025

## BARBARA ELLEN LEE v. DEANNA LYNN PEAVY

**Appeal from the Circuit Court for Davidson County**
**No. 21C1757   Joseph P. Binkley, Jr., Judge**

_____

**No. M2024-00890-COA-R3-CV**

_____

After an unfavorable judgment in a detainer action for real property in general sessions court, the Plaintiff sought relief in Davidson County Circuit Court. Two and a half years later, after numerous resettings, the court dismissed the action for failure to prosecute. The Plaintiff appeals. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Barbara Ellen Lee, Nashville, Tennessee, pro se.[1]

## OPINION

### I.

The Plaintiff in this case, Barbara Ellen Lee, filed a detainer action against Deanna Lynn Peavy in general sessions court. On October 6, 2021, the general sessions court returned a defense verdict and assigned costs to Ms. Lee. Ms. Lee appealed to the Davidson County Circuit Court, proceeding pro se.

The dispute appears to have originated over a disagreement regarding the boundaries of Ms. Lee's real property. Ms. Peavy's family moved into a home that abuts Ms. Lee's property. Ms. Lee asserted that Ms. Peavy's family was trespassing on her land

---

[1] Appellee Deanna Lynn Peavy did not participate in the appeal, citing a lengthy history of unwanted litigation between the parties.

and harboring vicious dogs, which attacked her.

The case was reset more than ten times over the course of approximately two and one-half years. The first continuance was due to a medical appointment that Ms. Peavy had previously scheduled. The remaining continuances were either at the request of Ms. Lee or ordered for the purpose of giving Ms. Lee further time to obtain a survey of the property. In multiple orders, the trial court warned that it would not grant further continuances and could dismiss the case for failure to prosecute.

After a hearing on May 17, 2024, the court determined that it would exercise its inherent power to control its docket to dismiss the case for failure to prosecute. Ms. Lee appealed. Pursuant to Tennessee Rule of Appellate Procedure 24, this court ordered Ms. Lee to file a transcript, a statement of evidence, or a notice that no statement or transcript would be filed. The trial court concluded that a statement of evidence submitted by Ms. Lee did not convey an accurate and complete account of the May 17, 2024 hearing and refused to approve it for consideration. Accordingly, the record consists primarily of the filings and court orders before the Circuit Court.

II.

Ms. Lee proceeded pro se before the Davidson County Circuit Court and continues to do so on appeal. Pro se litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that pro se litigants often lack any legal training and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering the briefing from a pro se litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the pro se litigant's filing. *Poursaied v. Tenn. Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021). Pro se litigants, however, may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Additionally, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). In considering appeals from pro se litigants, the court cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). It is imperative that courts remain "mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

We note initially that Ms. Lee's brief does not comport with Tennessee Rule of Appellate Procedure 27. For instance, there is no certificate of service, no table of authorities, no citation to the record, no citation to authority, and no certificate of

compliance with Tennessee Rule of Appellate Procedure 30(e).  *See* Tenn. R. App. P. 27(a), (g), (h), & (i).  This court has previously dismissed cases for noncompliance with Rule 27. *See*, *e.g.*, *Anderson v. White*, No. M2021-00887-COA-R3-CV, 2022 WL 2444952, at *1 (Tenn. Ct. App. July 5, 2022); *Jefferson v. Williams-Mapp*, No. W2021-01058-COA-R3-CV, 2022 WL 1836926, at *1 (Tenn. Ct. App. June 3, 2022); *Thigpen v. Estate of Smith*, No. M2020-01015-COA-R3-CV, 2022 WL 702144, at *1 (Tenn. Ct. App. Mar. 9, 2022). Nevertheless, we retain the discretion to address a case on the merits if neither the appellee nor the administration of justice would be prejudiced.  *Hamadani v. Meshreky*, No. M2023-01161-COA-R3-CV, 2024 WL 3466977, at *3 (Tenn. Ct. App. July 19, 2024), *perm. app. denied* (Tenn. Nov. 14, 2024); *FedTrust Fed. Credit Union v. Brooks*, No. W2022-01119-COA-R3-CV, 2023 WL 3994520, at *2 (Tenn. Ct. App. June 14, 2023).

In this case, regardless of any waiver under Rule 27, this court cannot afford Ms. Lee the relief she seeks.  This is because Ms. Lee does not ask us to review the trial court's determination that the case should be dismissed for failure to prosecute.  Instead, Ms. Lee asks this court to review new evidence and make factual determinations about matters that were not at issue in the proceedings before the Davidson County Circuit Court.

For instance, Ms. Lee alleges on appeal that Ms. Peavy improperly sold her house despite Ms. Lee's having placed a lien on the home in June 2022, after the initiation of the case.  She states that she wants to have a $25,000 lien "recognized legally."  Ms. Lee also asks for reimbursement for damages she claims her property suffered, for emotional damages, and for court costs, and she seeks to introduce evidence before this court.  In essence, she desires this court to examine new evidence and grant her monetary relief based on new claims that were not presented to the trial court.

This we cannot do.  "The jurisdiction of the court of appeals is appellate only. . . ." Tenn. Code Ann. § 16-4-108(a)(1).  Put plainly, we may review the decisions rendered by trial courts, but we cannot exercise original jurisdiction.  *Peck v. Tanner*, 181 S.W.3d 262, 265 (Tenn. 2005).  Accordingly, we cannot consider any attempt to "adduce proof," and we cannot act as "the trier-of-fact in the first instance as to the allegations."  *Id.* at 266.  In general, this court may not "consider evidence that has neither been presented to nor considered by the trial judge."  *Kinard v. Kinard*, 986 S.W.2d 220, 227 (Tenn. Ct. App. 1998).  In other words, we as an appellate court cannot accept Ms. Lee's urging to recognize a lien when there is nothing in the record about a lien and the Davidson County Circuit Court made no ruling regarding the existence of a lien.

In the case at bar, none of the issues raised by Ms. Lee on appeal were addressed by the trial court or even raised.  Indeed, the proceedings before the trial court consisted only of a repeated resetting of the case for hearing or for trial.  Accordingly, we cannot give the relief sought on appeal.  Ms. Lee does not develop an argument that the trial court erred in dismissing the case for failure to prosecute, and we cannot scour the record looking for defects in the proceedings before the trial court.  *See Hodge v. Craig*, 382 S.W.3d 325, 334

(Tenn. 2012) ("Appellate review is generally limited to the issues that have been presented for review." (citing Tenn. R. App. P. 13(b))); *Bunch v. Bunch*, 281 S.W.3d 406, 410 (Tenn. Ct. App. 2008) (addressing only the issue which was properly raised).  Such an action "would necessitate shifting this court's role on appeal from neutral reviewer to advocate for the appellant.  This we simply cannot do." *Hamadani*, 2024 WL 3466977, at *3.

III.

For the foregoing reasons, we affirm the judgment of the Circuit Court for Davidson County.  Costs of the appeal are taxed to the appellant, Barbara Ellen Lee, for which execution may issue if necessary.

s/ Jeffrey Usman
JEFFREY USMAN, JUDGE