IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 12, 2025 Session

## CHRISTOPHER ALAN HAUSER, JAMES MICHAEL USINGER AND RONALD JAMES LYONS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**Nos. 2017-A-79, 2017-B-1143      Cheryl A. Blackburn, Judge**

_____

### No. M2025-00559-CCA-R3-PC

_____

Petitioner, Christopher Alan Hauser, and four co-defendants were convicted of multiple counts of filing a lien without a reasonable basis and multiple counts of forgery. On direct appeal, we affirmed Petitioner's convictions. *State v. Lyons*, No. M2019-01946-CCA-R3-CD, 2021 WL 1083703, at *23, *perm. app. granted*, (Tenn. Crim. App. March 22, 2021). The Tennessee Supreme Court granted certiorari and affirmed the convictions. *State v. Lyons*, 669 S.W.3d 775, 779-80 (Tenn. 2023). Petitioner, a non-lawyer, filed a petition for post-conviction relief on behalf of himself and his co-defendants. The post-conviction court dismissed the petition without a hearing as untimely. Petitioner appealed on behalf of himself and on behalf of his co-defendants. After review, we disregard claims alleged by Petitioner for the co-defendants and affirm the judgment of the post-conviction court as to Petitioner.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, Jr., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Christoper Alan Hauser, Del Rio, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Roger D. Moore and Byron Pugh, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Collectively, Petitioner and his co-defendants were convicted by a Davidson County petit jury of 102 counts of Class E felony filing a lien without a reasonable basis and 102 counts of Class A felony forgery. *Lyons*, 669 S.W.3d at 779-80.[1] On direct appeal, we affirmed the judgments of the trial court. *Lyons*, 2021 WL 1083703, at *23. Petitioner and co-defendants appealed to the Tennessee Supreme Court, which affirmed our judgment in an opinion filed on May 15, 2023. *Lyons*, 669 S.W.3d at 791.

On May 16, 2024, Petitioner filed a post-conviction petition in the Davidson County Criminal Court on behalf of Petitioner and two of his co-defendants. Petitioner was the only petitioner to sign the petition verification form. The post-conviction court dismissed the petition without a hearing, finding that Petitioner's claims were colorable but that the "petition was filed beyond the expiration of the one-year statute of limitations provided in Tennessee Code Annotated section 40-30-102(a)." Specifically, the post-conviction court explained that section 40-30-102(a) required a post-conviction petition to be filed "within one (1) year of the date of the final action of the highest appellate court to which an appeal is taken[.]" Because the Tennessee Supreme Court rendered its opinion affirming Petitioner's convictions on May 15, 2023, the post-conviction court reasoned that Petitioner had until May 15, 2024, to file his petition. However, having filed their petition on May 16, 2024, the post-conviction court found that Petitioner's petition was untimely by one day.

The post-conviction court further found that there were no grounds for tolling the statute of limitations. First, it explained that the prison mailbox rule was inapplicable because Petitioner was not incarcerated at the time of the petition's filing. Second, it found that none of the exceptions to the statute of limitations listed in Tennessee Code Annotated section 40-20-102(b) apply because Petitioner's claims were not based on a final ruling of an appellate court establishing a constitutional right not recognized at the time of their trial, were not claims based upon new scientific evidence establishing their actual innocence, and were not claims seeking relief from a sentence that was enhanced because of a newly invalidated conviction. Finally, it noted that due-process tolling was not appropriate because it was "unaware of any extraordinary circumstance that would have prevented timely filing." Petitioner appealed.

*Analysis*

---

[1] "Defendant Cooper was charged with fifteen counts of each offense; Defendant Cromwell was charged with fourteen counts of each offense; Defendant Hauser was charged with twenty-one counts of each offense; Defendant Lyons was charged with thirty counts of each offense; and Defendant Usinger was charged with twenty-two counts of each offense." *Lyons*, 669 S.W.3d at 779, footnote 2.

On appeal, Petitioner argues that (1) the post-conviction court erred by not tolling the statute of limitations for the filing of their petition pursuant to Tennessee Rule of Civil Procedure 6.05; (2) the post-conviction court erred by "severing" co-defendants Cromwell and Cooper from their petition; (3) the post-conviction court erred by not timely responding to their petition for post-conviction relief; (4) the post-conviction court erred by failing to consider their petition as an amendment to co-defendant Cromwell's post-conviction petition that was timely filed; (5) the trial court erred by not admitting "the contract" at trial; (6) the trial court erred by failing to file the judgment forms because they were not stamped "filed" and were not signed by the clerk; (7) the trial court erred by hiding exculpatory evidence in violation of *Brady*; and (8) their rights under the Contracts Clause of the United States Constitution were violated by the trial court's refusal to admit "the contract." The State argues that the post-conviction court properly dismissed Petitioner's petition for post-conviction relief as untimely. We agree with the State.

As an initial matter, we note that "a person who is not an attorney 'may conduct and manage *the person's own case* in a court of this state' without violating the prohibition against the unauthorized practice of law." *Beard v. Branson*, 528 S.W.3d 487, 495 (Tenn. 2017) (quoting T.C.A. § 23-1-109) (emphasis in original). However, "this right of self-representation extends only to the individual's right to conduct and manage his or her *own* case; a non-attorney may not conduct litigation on behalf of an entity or another individual, because doing so would constitute the unauthorized practice of law." *Id.* (citing *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 553 (Tenn. Ct. App. 2015)) (emphasis in original). In this case, Petitioner, without the aid of an attorney, petitioned for post-conviction relief on behalf of himself and his co-defendants. Petitioner was also the only person to sign the petition verification form filed with the post-conviction court.[2] Furthermore, Petitioner was the only person to sign the briefs and was the only person who appeared for oral arguments. Therefore, to the extent that Petitioner seeks to file an appeal for or to represent his co-defendants in this appeal by arguing on their behalf, he may not do so. *See id.* We will only consider the issues presented that apply to Petitioner's case.

Petitions for post-conviction relief must be filed "with one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." T.C.A. § 40-30-102(a). Generally, a timely filing of a petition for post-conviction relief is "an element of the right to file a post-conviction petition[.]" *State v. Nix*, 40 S.W.3d 459, 465 (Tenn. 2001). However, the statute provides for three situations wherein the statute of limitations on filing a petition may be tolled:

---

[2] Tennessee Code Annotated section 40-20-104(e) requires a petition for post-conviction relief to be "verified under oath."

- 3 -

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required . . . ;

(2) The claim in the petition is based upon new scientific evidence establishing that the petition is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . .

T.C.A. § 40-30-102(b).

Due process may also require the tolling of the statute of limitations if the petition shows "(1) that [the petitioner] has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing. *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013). However, due-process tolling is "'reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" *Id.* at 631-32 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000). Circumstances justifying due-process tolling have included "(1) where the grounds for overturning the conviction arose after the statute of limitations period had run; (2) where the prisoner was mentally incompetent; and (3) where the prisoner was been actively misled by attorney misconduct." *Bush v. State*, 428 S.W.3d 1, 23 (Tenn. 2014). A trial court's denial or grant of due-process tolling is subject to de novo review. *Whitehead*, 402 S.W.3d at 621.

The Tennessee Supreme Court rendered its decision affirming Petitioner's convictions on May 15, 2023. Therefore, Petitioner had until May 15, 2024, to file for post-conviction relief, but he filed the petition on May 16, 2024. Consequently, Petitioner's petition was untimely filed. *See* T.C.A. § 40-30-102(a). Petitioner is also not entitled to statutory or due-process tolling. First, the claims presented in his petition were not based on an appellate decision establishing a new constitutional right, on new scientific evidence establishing his innocence, nor on an enhancement of his sentence based on invalidated convictions. *See* T.C.A. § 40-30-102(b). Second, Petitioner does not point to any "extraordinary circumstance [that] stood in [his] way and prevented timely filing." *See Whitehead*, 402 S.W.3d at 631.

- 4 -

Petitioner nevertheless asserts four primary reasons that his petition should have been considered on the merits.  First, Petitioner claims that his petition was timely but that the Davidson County Circuit Court Clerk's Office tampered with the receipt date of his petition as to render it untimely.  However, we find nothing in the record supporting Petitioner's contention.  Second, Petitioner asserts that the limitations period for the filing of his petition never ran because the judgment forms for his convictions were not "stamped 'Filed' []or signed by the clerk of the court" pursuant to Article 6, Section 12 of the Tennessee Constitution.  However, Article 6, Section 12 does not apply to judgment forms. *See White v. State*, No. M2003-02833-CCA-R3-HC, 2004 WL 2387508, at *2 (Tenn. Crim. App. Oct. 26, 2004), *perm. app. denied*.  Third, Petitioner asserts that Tennessee Rule of Civil Procedure 6.05[3] requires a finding that his petition was timely.  However, "neither the Tennessee Rules of Civil Procedure nor the Tennessee Rules of Criminal Procedure apply to post-conviction proceedings[.]"  *See* Tenn. Sup. Ct. R. 28 § 3(b).  Finally, Petitioner argues that his petition should have been considered an amendment to co-defendant Cromwell's petition for post-conviction relief that was timely filed.  However, co-defendant Cromwell's petition does not appear in the record, and Petitioner's petition makes no mention of co-defendant Cromwell's petition.  Therefore, we find that the post-conviction court did not err by dismissing Petitioner's petition for post-conviction relief as untimely.  Because we find that Petitioner's petition was properly dismissed, consideration of Petitioner's remaining claims is unnecessary.  Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the post-conviction court.

*S/Timothy L. Easter*
TIMOTHY L. EASTER, JUDGE

---

[3] Tenn. R. Civ. Pro. 6.05 provides, "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice of paper is served upon such party by mail, three days shall be added to the prescribed period."