# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs May 2, 2022

## CYNTHIA A. CHEATHAM v. JAMES DANIEL LAMPKIN

**Appeal from the Circuit Court for Williamson County**
**No. 2019-636        James G. Martin, III, Judge**

_____

### No. M2021-00790-COA-R3-CV

_____

While this litigation started out as a contract dispute between an attorney and her former client, during the course of the trial court proceedings, multiple other claims and issues were raised by the client and adjudicated. Following a jury trial on the attorney's contract claim, the jury found that there was a valid contract between the parties and that the former client breached the contract. Accordingly, the jury awarded damages to the attorney as a result of the breach. Additionally, the trial court awarded damages against the client for violating Rule 11 of the Tennessee Rules of Civil Procedure. The former client now appeals raising various issues connected to the case, including a challenge to the sanctions awarded and a challenge to the dismissal of a Tennessee Consumer Protection Act claim he asserted. We affirm for the reasons stated herein and also award damages for a frivolous appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

James Daniel Lampkin, Murfreesboro, Tennessee, Pro se.

Nora El-Chaer, Pegram, Tennessee, for the appellee, Cynthia A. Cheatham.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion

Cynthia Cheatham, an attorney, entered into a series of professional services contracts with James Lampkin in which Ms. Cheatham agreed to represent Mr. Lampkin in a child custody case. Of note, Mr. Lampkin agreed, in July 2019, to sign a new contract with Ms. Cheatham for the unpaid balance owed to her under the previous contract that had been entered into between the parties. Pursuant to this new contract, Mr. Lampkin agreed to pay Ms. Cheatham the total sum of $15,000.00. It was agreed that the initial payment on this contract was to be $7,000.00. The remaining balance of $8,000.00 was to be paid by October 1, 2019.

On October 28, 2019, Ms. Cheatham filed a complaint in the General Sessions Court of Williamson County, alleging that Mr. Lampkin had failed to pay her the $8,000.00 balance due on the contract. Mr. Lampkin issued a "Sworn Denial" in response to the complaint, accusing Ms. Cheatham of committing "[u]nfair pricing, excess charges, extortion, and other unfair and deceptive trade practices[.]" Mr. Lampkin further claimed that Ms. Cheatham "breached her fiduciary and professional duties of loyalty and competence by threatening [to sabotage] [his] case if [he] did not pay her an additional $15,000.00[.]" Additionally, Mr. Lampkin filed a "Verified Application to Remove to Circuit Court," which was granted. Once removed to Circuit Court ("the trial court"), Mr. Lampkin, on May 27, 2020, filed another response to Ms. Cheatham's claim as well as a counterclaim against her. Therein, Mr. Lampkin repeated the same allegations made previously, including what purported to be a Tennessee Consumer Protection Act claim, and sought damages for injuries to his business and property interests, as well as for "injuries to his civil rights." Ms. Cheatham filed an answer to Mr. Lampkin's counterclaim on June 24, 2020, denying each of the allegations made against her. She also noted in her answer that a civil extortion claim brought by Mr. Lampkin was not recognized as a private right of action in Tennessee.

On August 26, 2020, Ms. Cheatham filed a motion for sanctions against Mr. Lampkin under Rule 11 of the Tennessee Rules of Civil Procedure. In her Rule 11 motion, she alleged that Mr. Lampkin had "engaged in some emotion-laden filings which cross the line from zealous advocacy to absurd and improper allegations" against her, and that he had made numerous statements that were without a basis in fact or law. Mr. Lampkin filed a response to this motion, denying that he violated Rule 11 and instead alleging that Ms. Cheatham herself was in violation of Rule 11.

On November 5, 2020, the trial court entered an order on Ms. Cheatham's Rule 11

---

would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

motion, granting sanctions against Mr. Lampkin. Specifically, the trial court ordered Mr. Lampkin to familiarize himself with both the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence such that he may properly represent himself pro se. The trial court also struck Mr. Lampkin's claim for civil extortion,[2] noting that a private cause of action for such a claim is not available in Tennessee.[3] Finally, the trial court directed Mr. Lampkin "to refrain from filing any further materials regarding Ms. Cheatham's alleged violations of the Tennessee Rules of Professional Conduct," as such allegations bore "no relation to Mr. Lampkin's claims and [served] no other purpose than to embarrass Ms. Cheatham." Ultimately, the trial court awarded Ms. Cheatham her reasonable attorney's fees in connection with this motion.

On January 15, 2021, Mr. Lampkin filed a "Motion for Recusal" pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, requesting that the trial judge in the case recuse himself. Specifically, Mr. Lampkin claimed that the judge was biased against pro se litigants. The trial court subsequently issued an order denying the motion to recuse, finding it to be "without merit." On January 22, 2021, Mr. Lampkin filed a "Motion to Request Interlocutory Appeal" pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court entered an order denying this motion on January 25, 2021.

On March 11, 2021, Ms. Cheatham filed a "Motion for Summary Judgment" concerning her breach of contract claim, as well as any outstanding claims brought by Mr. Lampkin. In a memorandum filed in support of her motion, Ms. Cheatham specifically argued that Mr. Lampkin had failed to provide any evidence supporting his claims of fraud, emotional distress, or personal injury, and that he had failed to properly raise a claim pursuant to the Tennessee Consumer Protection Act. In a "Memorandum and Order" entered by the trial court on April 13, 2021, the trial court declined to grant Ms. Cheatham summary judgment on her breach of contract claim, finding that there was "a genuine dispute of material fact as to whether Mr. Lampkin was forced to sign the . . . contract under duress." However, the court granted summary judgment in favor of Ms. Cheatham insofar as it pertained to the claims raised by Mr. Lampkin in his counterclaim, including his alleged claim pursuant to the Tennessee Consumer Protection Act.[4]

---

[2] Mr. Lampkin does not expressly raise an issue on appeal concerning the trial court's dismissal of his extortion claim. However, in the argument section of his brief, Mr. Lampkin makes a citation to a case from the United States Court of Appeals for the Seventh Circuit that he suggests permits extortion claims by a "non-state entity." However, not only did he fail to raise this as an issue on appeal, but he further fails to present a legal argument as to how his cited case relates to Tennessee's state law disallowing a private cause of action for civil extortion. Accordingly, any argument or issue concerning this claim is waived on appeal. *Murray v. Miracle*, 457 S.W.3d 399, 402-04 (Tenn. Ct. App. 2014).

[3] The trial court also struck two separate filings made by Mr. Lampkin concerning his counterclaim, as they were submitted in violation of Rule 15.01 of the Tennessee Rules of Civil Procedure and could not be considered.

[4] As part of its order, the trial court specifically found that Mr. Lampkin failed to adequately plead the other claims raised in his counterclaim, including his claims of fraud, personal injury, and emotional distress. However, Mr. Lampkin does not raise an issue related to the dismissal of these claims on appeal.

A jury trial was conducted on May 7, 2021, following which the jury found:

1. There was a valid contract between [Ms. Cheatham] and [Mr. Lampkin.]
2. [Mr. Lampkin] breached the contract.
3. Ms. Cheatham was entitled to $8,000.00 for the damages sustained due to the breach of the contract by [Mr. Lampkin.]
4. Mr. Lampkin was not entitled to recover any monies paid by him to [Ms. Cheatham] based on his allegations of duress.

A judgment was entered on the jury's verdict against Mr. Lampkin in the amount of $8,000.00. The trial court subsequently entered an order on its prior grant of attorney's fees to Ms. Cheatham on her motion for Rule 11 sanctions, awarding her a judgment for an additional $2,500.00 against Mr. Lampkin. This appeal followed.

## ISSUES PRESENTED

Mr. Lampkin raises four[5] separate issues for our review on appeal, restated as follows:

1. Whether the trial court abused its discretion in not allowing certain recordings into evidence.
2. Whether the trial court abused its discretion in dismissing a Tennessee Consumer Protection Act claim.
3. Whether the trial court erred in denying Mr. Lampkin's recusal motion.
4. Whether the trial court erred in sanctioning Mr. Lampkin pursuant to Rule 11 and awarding Ms. Cheatham her attorney's fees against him.

For her part, Ms. Cheatham does not raise any challenge to the trial court's actions in this case, but she does specifically request that this Court award her damages for a frivolous appeal.

## DISCUSSION

At the outset, we must address deficiencies contained in portions of Mr. Lampkin's brief on appeal which prevent this Court from adequately reviewing certain of his issues. Specifically, we note Mr. Lampkin's issue as to what he purports to be the trial court's error in disallowing particular recordings into evidence, as well as his issue that the trial court erred in sanctioning him under Rule 11.

---

As such, we do not address them herein.

[5] In his brief, Mr. Lampkin also raises issues in connection with the trial judge's purported violation of Rule 10 of the Tennessee Rules of Judicial Conduct. However, this Court is without jurisdiction to review any alleged violations of Rule 10 of the Tennessee Rules of Judicial Conduct. Such complaints are within the purview of the Board of Judicial Conduct.

Rule 27 of the Tennessee Rules of Appellate Procedure provides in pertinent part:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

\* \* \*

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a).

Mr. Lampkin's argument concerning the raised "recordings" issue fails to comply with the above requirements of Rule 27, leaving us unable to conduct an adequate review on appeal. Indeed, nowhere in his argument does Mr. Lampkin cite to the record on appeal,[6] and while he does cite to a single statute, we are unable to ascertain his reasoning as to exactly *why* appellate relief is required in this instance. His briefing deficiencies even leave the specific nature of his grievance unclear. In the absence of any citation to the record, we cannot be certain whether Mr. Lampkin's issue is that particular recordings were allegedly improperly excluded at trial or, alternatively, whether he contends that they were improperly not given consideration in connection with his claims that were adjudicated at another stage of the trial proceedings. In this respect, in addition to the noted violation of Rule 27 of the Tennessee Rules of Appellate Procedure, Mr. Lampkin's brief runs afoul of Rule 6 of the Rules of the Court of Appeals. *See* Tenn. Ct. App. R. 6 (providing that, among other things, "[n]o complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded"); *see also Hawkins v. Hart*, 86 S.W.3d 522,

---

[6] In addition, Mr. Lampkin fails to cite to the appellate record in the facts section of his brief, also in violation of Rule 27 of the Tennessee Rules of Appellate Procedure.

531 (Tenn. Ct. App. 2001) ("In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a)."). Likewise, we largely find the same issues present in Mr. Lampkin's argument regarding the Rule 11 sanctions levied against him. On appeal, Mr. Lampkin contends that he should not have been sanctioned. However, again, there is neither a citation to the appellate record nor a legal argument supported by appropriate authorities to counter the trial court's disposition. This again constitutes a violation of Rule 27. *See generally* Tenn. R. App. P. 27. As such, any review of the above issues are irreparably hindered by Mr. Lampkin's substantial noncompliance with the rules of appellate procedure.

We remain mindful that Mr. Lampkin is proceeding pro se in this matter. Although we acknowledge that pro se litigants are "entitled to fair and equal treatment by the courts," we note that "the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Vandergriff v. Parkridge E. Hosp.* 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015) (quoting *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Thus, despite such a party's status, courts are not permitted to "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.* (citing *Young*, 130 S.W.3d at 63). This Court has previously held that the failure to substantially comply with Rule 27 is grounds for a dismissal on appeal. *See Murray v. Miracle*, 457 S.W.3d 399, 404 (Tenn. Ct. App. 2014) ("Plaintiffs failed to comply in any significant way with Tenn. R. App. P. 27. As such, we find and hold that Plaintiffs have waived any issues they may have attempted to raise on appeal."); *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *4 (Tenn. Ct. App. July 5, 2017) ("Although we are mindful of Thomas's pro se status and have attempted to give her the benefit of the doubt when possible, we cannot write her brief for her nor can we create arguments or issues for her where her brief fails to contain any coherent argument. Based upon Thomas's failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that Thomas has waived any issues raised, and the appeal should be dismissed."). Accordingly, based on the briefing deficiencies present in Mr. Lampkin's brief, we conclude that Mr. Lampkin has waived these two issues on appeal. *See Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) ("[T]he failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.").

Notwithstanding this waiver, we have endeavored to address the substance of Mr. Lampkin's remaining issues to the extent that his brief reasonably permits us to do so. As such, despite the waiver that otherwise exists, we respond specifically to arguments, as best we understand them, concerning Mr. Lampkin's Tennessee Consumer Protection Act ("TCPA") claim and his Rule 10B recusal motion.

First, Mr. Lampkin maintains that the trial court erred in dismissing his TCPA claim

- 6 -

for noncompliance with Rule 8.05 of the Tennessee Rules of Civil Procedure. As the trial court observed, Mr. Lampkin generally cited to the TCPA in his counterclaim, but failed to "sufficiently plead" how Ms. Cheatham's prior actions constituted a breach under the TCPA.[7] *See* Tenn. R. Civ. P. 8.05 (providing that "[e]very pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged"). On appeal, Mr. Lampkin opines that, despite certain inadequacies in his pleadings, his status as a pro se party requires the court to provide him with "wide latitude" when construing his allegations. Although courts attempt to provide a certain degree of leeway to pro se litigants, such litigants are *not* permitted, as Mr. Lampkin has done here, to essentially ignore the requirements of the Tennessee Rules of Civil Procedure. *See Young*, 130 S.W.3d at 63 ("[T]he court must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe."). Accordingly, regardless of his pro se status, Mr. Lampkin is not excused from complying with Rule 8.05 in pleading his claims regarding the TCPA. Not only did he fail to do so, but there is no indication that Mr. Lampkin ever attempted to properly amend his counterclaim so as to correct any pleading deficiencies concerning these claims. We, therefore, find this issue to be without merit.

We next address Mr. Lampkin's issue concerning his motion for recusal. Despite the absence of any citation to the record, it appears that his complaint for recusal stems from the mere fact that the trial court had previously ruled against him, and according to Mr. Lampkin, this is an indication of bias on the part of the trial judge. However, "the mere fact that a judge has ruled adversely to a party . . . is not grounds for recusal." *Berg v. Berg*, No. M2018-01163-COA-T10B-CV, 2018 WL 3612845, at *5 (Tenn. Ct. App. July 27, 2018) (quoting *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *4 (Tenn. Ct. App. Feb. 11, 2014)). "In fact, '[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification.'" *Id.* (quoting *McKenzie*, 2014 WL 575908, at *4). We accordingly find this issue to be without merit as well.

---

[7] According to the record, Mr. Lampkin filed two additional pleadings, titled "Update on Counterclaim" and "Second Update on Counterclaim," in violation of Rule 15.01 of the Tennessee Rules of Civil Procedure, which provides that "[a] party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it any time within 15 days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of the court; and leave shall be freely given when justice so requires." Although Mr. Lampkin did cite to specific provisions of the TCPA in his "Second Update on Counterclaim" pleading, this pleading was struck by the trial court because it was not in compliance with Tennessee Rule of Civil Procedure 15.01. Moreover, Mr. Lampkin failed to raise a specific issue regarding the trial court's striking of his "Second Update on Counterclaim" and, therefore, the issue is waived. *See Murray*, 457 S.W.3d at 402-04.

*Whether This Appeal is Frivolous*

In her brief, Ms. Cheatham maintains that Mr. Lampkin's appeal is frivolous and that she is entitled to damages pursuant to Tennessee Code Annotated section 27-1-122. Tennessee Code Annotated section 27-1-122 states as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. For purposes of awarding damages against an appellant, a frivolous appeal is one that is "so devoid of merit that it has no reasonable chance of succeeding." *Glanton v. Lord*, 183 S.W.3d 391, 401 (Tenn. Ct. App. 2005) (citing *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978)). This Court retains discretion in determining whether to award these damages. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985). Finding this appeal to be frivolous in light of the foregoing discussion, and utilizing our discretion under the statute, we hereby award Ms. Cheatham her attorney's fees incurred in defense of this appeal. We remand the issue to the trial court for a determination of the amount of attorney's fees to be awarded.

## CONCLUSION

Based on the foregoing, we affirm the rulings of the trial court and remand the case for a determination of an appropriate amount of attorney's fees to be awarded to Ms. Cheatham for frivolous appeal and for such other matters as may be necessary and are consistent with this Opinion.

      s/ Arnold B. Goldin
      ARNOLD B. GOLDIN, JUDGE