IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2024

## HAROLD NOEL v. WILLIAM GIBBONS ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-1911-23     Mary L. Wagner, Judge**

_____

### No. W2023-01517-COA-R3-CV

_____

Plaintiff appeals the trial court's dismissal of his personal injury action based on the doctrine of sovereign immunity and the expiration of the statute of limitations. Because the action was barred by the statute of limitations, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN,  and CARMA DENNIS MCGEE, JJ., joined.

Harold Noel, Columbus, Ohio, Pro se.

Jonathan Skrmetti, Attorney General and Reporter; James R. Newsom, III, Special Counsel; Robert W. Wilson, Senior Assistant Attorney General, for the appellee, William Gibbons.

Pamela Williams Kelly and Raven Chism Chandler, Memphis, Tennessee, for the appellees, Mark H. Luttrell, Jr., Shelby County Jail - Male Facility, and Shelby County Correctional Center.

Joann Coston-Holloway, Memphis, Tennessee, for Shelby County Health Care Corporation d/b/a Regional One Health.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2023, Plaintiff/Appellant Harold Noel ("Appellant") filed a complaint in the Shelby County Circuit Court ("the trial court") against Defendants/Appellees Shelby County District Attorney General William Gibbons, Shelby County Sheriff Mark Lutrell,[2] Shelby County Jail, Shelby County Correctional Center, and Shelby County Health Care Corporation d/b/a Regional One Health ("Regional One Health"). Therein, Appellant stated that he had been convicted of voluntary manslaughter in 2002 and sentenced to six years in prison. The complaint alleged that Regional One Health staff implanted "foreign devices" in his body without his knowledge or consent during his incarceration in the Shelby County Jail and the Shelby County Correctional Center. Appellant requested $1.5 million in relief "pursuant to T.C.A. Section 28-3-104."[3]

Attached to the complaint was a multitude of paperwork related to the foreign bodies allegedly placed by or at the direction of the various defendants.[4] Included in this paperwork was, inter alia, (1) a January 2006 letter from Appellant to Shelby County Mayor A.C. Wharton complaining that he had "been implanted with a monitor[ing] device inside [him]"; (2) a March 2007 report following a court-ordered psychiatric evaluation noting that Appellant "readily reported a belief that the Sheriff and District Attorney in Shelby County, Tennessee inserted a silicon chip in his eyes which allows him to be tracked and harassed"; (3) notes from a March 2012 medical examination stating that "[a] linear metallic foreign body" was seen in Appellant's back; (4) results from a September 2020 CT scan indicating "a linear radiopaque foreign body" was present in Appellant's back; (5) notes from a December 2021 medical examination observing that Appellant had "an incidentally discovered retained foreign object" in his back that he had known about "for several months"; and (6) an April 2022 letter from Appellant to District Judge Bernice Donald explaining that a "metallic foreign device" had been removed from his body and requesting assistance to "get [his] case open back in court."

General Gibbons filed a motion to dismiss the complaint on June 22, 2023. The motion argued that Appellant's claims lacked any non-speculative factual allegations and were barred by sovereign immunity and the statute of limitations.

---

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Neither General Gibbons nor Sheriff Luttrell were still employed in these positions at the time the complaint was filed.

[3] This section sets out various statutes of limitations.

[4] Although not set out specifically in the complaint, this paperwork alleged that General Gibbons and Sheriff Lutrell arranged for the placement of the devices.

On June 23, 2023, Sheriff Lutrell, Shelby County Jail, and Shelby County Correctional Center (together, "the Shelby County Defendants") filed an answer. Therein, the Shelby County Defendants raised several affirmative defenses, including the expiration of the statute of limitations, the doctrine of sovereign immunity, and the failure to strictly comply with the Tennessee Governmental Tort Liability Act ("the GTLA").

Regional One Health filed its motion to dismiss on July 31, 2023. It argued that Appellant's claims against it constituted a health care liability action but Appellant failed to substantially comply with the requirements of the Tennessee Health Care Liability Act ("the HCLA"). Regional One Health also argued that the action was barred by the statute of limitations.

The trial court heard the defendants' motions to dismiss on September 28, 2023, and incorporated its ruling into an order filed the same date. First, the trial court found that General Gibbons's motion should be granted because General Gibbons was acting in his official capacity at all times relevant to Appellant's complaint, such that he was entitled to sovereign immunity. Next, the trial court found that Appellant failed to substantially comply with the HCLA by not providing pre-suit notice or a certificate of good faith, such that Regional One Health was entitled to dismissal. Finally, the trial court found that, based on the various documents included with Appellant's complaint, it was "clear that the injury occurred and [Appellant] was aware of the injury well before one year before the filing of his Complaint." As such, the statute of limitations barred Appellant's entire action.

Appellant subsequently appealed.

## II. ISSUES PRESENTED

Appellant raises the following issues for review on appeal, taken from his brief:

1. Whether the trial court erred in granting the Appellee's Motion to Dismiss and finding that the Court lacked subject matter jurisdiction due to sovereign immunity.
2. Whether the trial court erred in granting the Appellee's Motion to Dismiss and finding that the Court lacked subject matter jurisdiction due to the Appellant's failure to state a claim upon which relief can be granted because the statute of limitations passed.

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." ***Webb v. Nashville Area Habitat for Human., Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011) (citations omitted). "In considering a motion to dismiss, courts 'must construe the complaint liberally, presuming

all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31–32 (Tenn. 2007)). We review a trial court's grant of a motion to dismiss "*de novo*, with no presumption of correctness as to the trial court's legal conclusions, and all allegations of fact in the complaint below are taken as true." *Brown v. Ogle*, 46 S.W.3d 721, 726 (Tenn. Ct. App. 2000) (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

## IV. ANALYSIS

### A.

As an initial matter, we note Appellant's failure to cite to the record in the statement of facts or argument sections of his appellate brief. Tennessee Rule of Appellate Procedure 27 directs that an appellant's brief "shall contain . . . [a] statement of facts, setting forth the facts relevant to the issues presented for review *with appropriate references to the record*" and an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and *appropriate references to the record*[.]" (Emphasis added). Rule 6 of the Rules of the Court of Appeals of Tennessee contains a similar requirement that an appellate argument contain "[a] statement of each determinative fact relied upon *with citation to the record where evidence of each such fact may be found.*" (Emphasis added). Indeed, Rule 6 specifically states that:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b).

We have consistently held that a failure to comply with briefing requirements results in a waiver of the issue on appeal. *See, e.g.*, *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (noting that the "failure to make appropriate references to the record and to cite relevant authority in the argument section the brief as required by Rule 27(a)(7) constitutes a waiver of the issue" (citations omitted)). This holds true even when the appellant is proceeding pro se, like Appellant here, as "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (citations omitted); *see also* *Com. Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011) (explaining that "[w]hen the litigant is proceeding *pro se,* our policy gives some latitude to litigants representing themselves, however, where the presentation is so woefully inadequate that review is not

- 4 -

possible, we dismiss the appeal").

"The overriding intent of the Tennessee Rules of Appellate Procedure, however, is to allow cases to be resolved on their merits." ***Riebsame v. Schemel***, No. E2018-01798-COA-R3-CV, 2019 WL 4667586, at \*4 (Tenn. Ct. App. Sept. 24, 2019) (citing Tenn. R. App. P. 1; ***Johnson v. Hardin***, 926 S.W.2d 236, 238 (Tenn. 1996)). After reviewing Appellant's brief, we must conclude that while it is not ideal, it is more than skeletal. As such, we decline to dismiss this appeal in its entirety based on Appellant's failure to appropriately cite to the record. *See **id.*** (addressing the merits of the case despite the appellant's failure to explain how the trial court erred, "particularly in light of [the appellant's] pro se status, the abbreviated record, and the clarity of the issue presented").

**B.**

Appellant first argues that the trial court erred in dismissing his claim against General Gibbons based on the doctrine of sovereign immunity because the GTLA waives sovereign immunity for claims of negligence. *See* Tenn. Code Ann. § 29-20-205 (stating that "[i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment").[5] We note that this argument does not appear to have been specifically made to the trial court. "Issues not raised in the trial court cannot be raised for the first time on appeal." ***Barnes v. Barnes***, 193 S.W.3d 495, 501 (Tenn. 2006) (citing ***Simpson v. Frontier Cmty. Credit Union***, 810 S.W.2d 147, 153 (Tenn. 1991)).

Yet even giving Appellant the benefit of the reasonable inference that he effectively raised a negligence claim under the GTLA and General Gibbons's sovereign immunity was removed, the question of whether the complaint was brought within the applicable statute of limitations remains. We therefore focus our review on Appellant's second issue. "In reviewing a dismissal based on expiration of the statute of limitations, we must consider three elements—the length of the limitations period, the accrual of the cause of action, and the applicability of any tolling doctrines." ***Woodruff by & through Cockrell v. Walker***, 542 S.W.3d 486 (Tenn. Ct. App. 2017) (citing ***Redwing v. Catholic Bishop for Diocese of Memphis***, 363 S.W.3d 436, 456 (Tenn. 2012)).

Here, several statutes could arguably control the applicable limitations period, but the period itself remains the same. Indeed, Tennessee Code Annotated section 29-20-305(b) specifies that actions under the GTLA "must be commenced within twelve (12) months after the cause of action arises." Similarly, section 28-3-104 prescribes a one-year limitations period for personal injury cases. The HCLA also includes a general one-year statute of limitations for health care liability actions. Tenn. Code Ann. § 29-26-116(a)(1).

---

[5] *But see **id.*** (containing multiple exceptions to the removal of immunity, including when the injury arose from "infliction of mental anguish . . . or civil rights").

In his appellate brief, Appellant argues that neither section 28-3-104 nor 29-26-116(a)(1) applies to his claim. Instead, he points to section 29-26-116(a)(4), which sets the limitations period for "cases where a foreign object has been negligently left in a patient's body[.]" However, even in such cases, "the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered." Tenn. Code Ann. § 29-26-116(a)(4). Thus, regardless of which statute governs Appellant's claim, the limitations period was one year after the action accrued.

A cause of action generally accrues when an injury occurs. ***Woodruff***, 542 S.W.3d at 494 (citing ***Vandergriff v. ParkRidge East Hosp.***, 482 S.W.3d 545, 556 (Tenn. Ct. App. 2015)). Here, while Appellant does not provide a specific date for the occurrence of his injury, he clearly alleges that the devices were implanted during his incarceration. As Appellant was sentenced to six years imprisonment in 2002, the injury clearly occurred more than one year prior to the 2023 filing of Appellant's complaint. For Appellant's action to have been timely, therefore, some basis to toll the limitations period must exist.

Perhaps the most common tolling doctrine involves the application of the discovery rule. Tennessee has codified the common law discovery rule such that "[i]n the event the alleged injury is not discovered within [the one-year statute of limitations], the period of limitations shall be one (1) year from the date of such discovery." Tenn. Code Ann. § 29-26-116(a)(2); *see also* ***Sherrill v. Souder***, 325 S.W.3d 584, 592 (Tenn. 2010) (outlining the history of Tennessee's discovery rule). Under this rule, a health care liability cause of action "accrues when one discovers, or in the exercise of reasonable diligence should have discovered, both (1) that he or she has been injured by wrongful or tortious conduct and (2) the identity of the person or persons whose wrongful conduct caused the injury." ***Sherrill***, 325 S.W.3d at 595. The discovery rule does not, however, toll the commencement of the statute of limitations until plaintiffs know the full extent of their damages, the exact nature of their legal claims, or all the facts affecting the merits of their claims. ***Redwing***, 363 S.W.3d at 459 (citations omitted). Rather, the cause of action accrues and the limitations period begins "not only when a plaintiff acquires actual knowledge of a claim but also upon a plaintiff's constructive or inquiry notice of a claim." ***Daffon v. Mem'l Health Care Sys., Inc.***, 605 S.W.3d 11, 20 (Tenn. Ct. App. 2019). Thus, while a plaintiff's constructive knowledge is typically a question of fact, "dismissal is appropriate where the undisputed facts demonstrate that no reasonable trier of fact could conclude that a plaintiff should not have known through the exercise of reasonable care and diligence that []he was injured as a result of a defendant's wrongful conduct." ***Id.*** (citing ***Young ex rel. Young v. Kennedy***, 429 S.W.3d 536, 557–58 (Tenn. Ct. App. 2013)).

The record in this case plainly establishes that Appellant was aware of the injury and the alleged wrongdoers significantly earlier than one year prior to the filing of his complaint. The documents attached to his complaint indicate that Appellant was expressing concern regarding foreign objects implanted into his body by or at the direction of the defendants as early as 2006. In his appellate brief, Appellant focuses on the identification

of a "linear metallic foreign body" speculated to be a needle in x-rays taken in 2012. No reasonable trier of fact could conclude that Appellant had not discovered his injury and the wrongful actors at this point. *See Sherrill*, 325 S.W.3d at 594 n.7 (explaining that "once a plaintiff gains information sufficient to alert a reasonable person of the need to investigate 'the injury,' the limitation period begins to run" (quoting ***Rathje v. Mercy Hosp.***, 745 N.W.2d 443, 461 (Iowa 2008))).

Even considering only the latest document included with Appellant's complaint does not render his action timely. Appellant wrote to Judge Donald in April 2022 regarding the removal of a "metallic foreign device" from his body. This much later date is still more than one year prior to the May 16, 2023 filing date of Appellant's complaint. Accordingly, even the most generous application of the discovery rule would not toll the accrual of Appellant's cause of action to such a date as to make his complaint justiciable.

In sum, nothing in Appellant's complaint or argument on appeal suggests that he lacked, at least, "information sufficient to alert a reasonable person of the need to investigate 'the injury'" until May 2022, i.e., a year before the complaint was filed. ***Durham v. Est. of Losleben***, 624 S.W.3d 492, 499 (Tenn. Ct. App. 2020) (quoting ***Sherrill***, 325 S.W.3d at 594 n.7). We therefore conclude that the trial court correctly ruled that Appellant's cause of action accrued more than one year before his complaint was filed. *See **Roe v. Jefferson***, 875 S.W.2d 653, 658 (Tenn. 1994) (affirming judgment as a matter of law when "no reasonable trier of fact could find that [the plaintiff] was unaware that she had suffered an injury for purposes of the discovery rule"); ***Durham***, 624 S.W.3d at 503 (holding that the defendant was entitled to judgment as a matter of law because the undisputed facts led to the conclusion that the plaintiff had all the facts necessary to place her on inquiry notice of the injury more than one year prior to the filing of the complaint). Because no set of facts could have entitled Appellant to recovery, we affirm the trial court's dismissal of the May 16, 2023 complaint based on expiration of the statute of limitations.[6]

## V. CONCLUSION

The judgment of the Shelby County Circuit Court is affirmed, and this matter is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant Howard Noel, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[6] As our consideration of the previous issue has fully disposed of this case, consideration of the trial court's alternative grounds for dismissal is pretermitted. *See **Tenn. Dep't of Safety & Homeland Sec. v. Shell***, No. M2021-00108-COA-R3-CV, 2022 WL 1410643, at *4 (Tenn. Ct. App. May 4, 2022) ("Indeed, this Court often pretermits consideration of alternative arguments when they are not necessary to provide the parties full relief." (collecting cases)), *perm. app. denied* (Sept. 29, 2022).