IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 1, 2025

## JOSEPH BAKER, ET AL. v. AMANDA LYNN SMITH A/K/A AMANDA MITCHELL

**Appeal from the Chancery Court for Knox County**
No. 206980-3     Christopher D. Heagerty, Jr., Chancellor

———————————————————

**No. E2024-00612-COA-R3-CV**

———————————————————

The plaintiff entered into an agreement with a company to make certain improvements to his existing home. According to the plaintiff, the construction done at the house was only partially completed and that work was improperly and negligently performed. In his complaint, the plaintiff alleged, *inter alia*, breach of contract, negligence, fraud and intentional misrepresentation, and conversion. The plaintiff averred that the acts of the home improvement company should be imputed to the defendant under the doctrine of *respondeat superior*; in the alternative, he alleged that the defendant was in a partnership or joint venture with the home improvement company. The trial court entered an order of default against the defendant after she was served but failed to appear or file a responsive pleading until after a default judgment had been entered. The trial court denied the defendant's motion seeking to set aside the default judgment. The defendant appeals. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J. M.S., and KENNY ARMSTRONG, J., joined.

Amanda Lynn Mitchell, *pro se*, Knoxville, Tennessee, appellant.

H. Stephen Gillman and Mikaela M. Smith, Knoxville, Tennessee, for the appellee, Joseph Baker.

# OPINION

## I. BACKGROUND

On June 14, 2023, the plaintiff, Joseph Baker ("Baker"), filed a complaint against the defendant, Amanda Lynn Smith d/b/a In & Out Home Improvements Co. (hereinafter "Mitchell").[1] The summons and complaint were initially sent via certified mail to Mitchell's residence, addressed to "Amanda Lynn Smith." Mitchell, who asserts that she has never used the name "Amanda Lynn Smith," acknowledges receiving the summons but claims that she believed she was misidentified as a defendant. According to Mitchell, she thereafter contacted Baker's counsel to inform them that she had no connection to the lawsuit or the business in question. She asserts that she was confused by being named in a lawsuit under an unknown alias.

On October 6, 2023, Baker personally served Mitchell with process ("Amanda Smith (Mitchell) d/b/a In & Out Home Improvements Co."). Mitchell claims that she did not file an answer within 30 days of service as required by Rule 12.01 of the Tennessee Rules of Civil Procedure because she maintained that she was not the person responsible and not a legitimate party. Baker filed a Motion for Default Judgment on January 8, 2024. Mitchell was served with a copy of the motion and accompanying Notice of Hearing by mail in accordance with Rule 5.02(1) of the Tennessee Rules of Civil Procedure by mailing a copy to the same address where Mitchell was served with process and continues to reside. The Motion for Default was set to be heard on February 5, 2024, but it was reset to February 26, 2024, affording Mitchell even more time to file a proper responsive pleading. After the hearing was held on February 26, 2024, the court entered an Order of Default against Mitchell and set a hearing for writ of inquiry for March 6, 2024.

Mitchell contends that she received no advance notice of the default judgment hearing and first learned of the default judgment when Plaintiffs mailed a copy of the order to her on March 6, 2024. At the hearing for writ of inquiry, the court issued a memorandum opinion awarding Baker a judgment against Mitchell. The following discussion occurred at the hearing:

> ATTORNEY: . . . Your Honor, we're only suing Amanda Smith, aka Amanda Mitchell. Her husband, who she was in partnership with is beyond the reach of the Court so we've sued her in this partnership.
>
> THE COURT: How is that?

---

[1] On page 2 of the initial complaint, Baker did refer to the defendant as "Amanda Lynn Mitchell" rather than "Smith," as is reflected on the Tennessee Driver's License and employment documents of record.

ATTORNEY: He filed for bankruptcy, just himself, however, they were working this business together.

THE COURT: And based upon the statements of counsel, the judgment itself is only against Amanda Lynn Mitchell Smith, not against her husband. The Court finds that she acted, or they acted, I guess in a partnership and not as a corporate entity or limited liability company, and named her individual liability will be in the total of all the acts complained of in the Complaint.

Upon receiving the default judgment order, on March 11, 2024, Mitchell, *pro se*, filed an Answer to Complaint and a Motion to Set Aside and Void Default. She denied all the allegations and raised defenses of mistaken identity, lack of involvement, and improper service. Mitchell, who the record reflects is a CVS Health store manager, argued that the judgment was entered in error against a person who had no connection to the underlying events. She asserted that she has never been known by the name "Amanda Lynn Smith" and has never done business under the name, "In & Out Home Improvements Co." According to Mitchell, she never conducted any business with Baker or any of his associates. She contended that she had no knowledge of "In & Out Home Improvements Co." until she was served with legal papers in mid-2023.

Mitchell argued that Daniel Smith is the individual who is the actual operator of In & Out Home Improvements Co. and that he could affirm Mitchell's lack of involvement. She maintained that she is not married to Smith and has never been in partnership or contract with him. She observed that she had met Baker and his wife in passing when she was picking up her children from Smith's kids. The trial court, however, excluded the testimony of Smith. On April 22, 2024, the court entered an order denying the Motion to Set Aside and Void Default. This appeal followed.

## II. ISSUES

The issues raised by Mitchell are restated as follows:

1. Whether the trial court erred in entering and refusing to set aside a default judgment against Mitchell without proper notice or service, thereby denying Mitchell a meaningful opportunity to be heard in violation of due process.

2. Whether the trial court erred in holding Mitchell liable for the claims of breach of contract, negligence, fraud, and conversion, despite uncontroverted evidence that she had no ownership interest in, or operational connection to, the business involved and no involvement in the transactions at issue.

3. Whether the trial court erred in excluding the testimony of Daniel Smith— a key witness with personal knowledge of the facts—which testimony would

- 3 -

have established that Mitchell was not the party responsible for the acts alleged in Baker's complaint.

Baker seeks an award of his attorney fees on appeal.

### III. LAW AND DISCUSSION

As we recently outlined in *Helena Agri Enterprises, LLC v. Rains*, No. W2024-01552-COA-R3-CV, 2025 WL 1905364 (Tenn. Ct. App. July 10, 2025):

> Rule 55.01 of the Tennessee Rules of Civil Procedure provides, in pertinent part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered." On appeal, we review a trial court's decision to grant a default judgment for an abuse of discretion. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *Patterson v. Rockwell Int'l.*, 665 S.W.2d 96, 100 (Tenn. 1994).
>
> This Court has explained the application of the abuse of discretion standard to decisions regarding default judgments as follows:
>
> Under the abuse of discretion standard, a trial court's ruling will be upheld so long as reasonable minds can disagree as to the propriety of the decision made. A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining. In the interests of justice, the courts have expressed a clear preference for a trial on the merits.
>
> *Patterson v. SunTrust Bank*, 328 S.W.3d 505, 509-10 (Tenn. Ct. App. 2010) (quoting *Decker v. Nance*, No. E2005-2248-R3-CV, 2006 WL 113048, at *2 (Tenn. Ct. App. Apr. 28, 2006)).
>
> As this Court has previously explained concerning default judgments generally:
>
> 'A default judgment, while a necessary part of a trial court's repertoire, is a big stick that should not be wielded haphazardly. Default judgments should be granted only when a defendant (1) makes no appearance in the case, in spite of being properly served, (2) appears, but fails to respond to the complaint, or (3) disobeys a pretrial order directing defendant to comply with some procedural requirement.'

- 4 -

*In re Connor B.*, 603 S.W.3d 773, 782 (Tenn. Ct. App. 2020) (quoting *First Union Nat'l Bank of Tenn. v. Abercrombe*, No. M2001-01379-COA-R3-CV, 2003 WL 22251347, at *3 (Tenn. Ct. App. Oct. 2, 2003)).

*Id.* at *2-3.

We note that Mitchell is proceeding *pro se*. As we observed in *Gulch, LLC v. Thomas Alexander Ford*, No. M2024-01373-COA-R3-CV, 2025 WL 2684087 (Tenn. Ct. App. Sept. 19, 2025):

> *Pro se* litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that *pro se* litigants often lack any legal training, and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering the briefing from a *pro se* litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn Ct. App. 2003), and should consider the substance of the *pro se* litigant's filing. *Pursaied v. Tenn. Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021). *Pro se* litigants, however, may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Additionally, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). In considering appeals from *pro se* litigants, the court cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover argument or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). It is imperative that courts remain "mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

*Id*. at *2.

## 1.

Mitchell argues that the trial court incorrectly determined that she was properly served with process in conformity with the Tennessee Rules of Civil Procedure. She asserts that Rule 4 of the Tennessee Rules of Civil Procedure requires that a summons be served on the defendant *named in the complaint* in order to confer personal jurisdiction. She claims that in this case, the summons was directed to "Amanda Lynn Smith," a name by which Mitchell has never been known. Mitchell argues that the misidentification created significant confusion as to who was actually being sued. She maintains that entering a

judgment against a person under a false or assumed name—particularly when that person has disclaimed being the intended defendant—offends due process. She contends that the default judgment should be ruled void.

Mitchell admits through her own pleadings that personal service was effectuated upon her on October 5, 2023. Furthermore, evidence of record corroborates this with photographic evidence of Mitchell receiving a copy of the summons and complaint on October 5, 2023. She was served as Amanda Lynn Smith a/k/a Amanda Lynn Mitchell d/b/a In & Out Home Improvements. The complaint and summons identified the correct address and contained sufficient personal information to apprise Mitchell that she was the correct individual. According to Baker, it is clear from the evidence presented that Mitchell was properly served in accordance with Rule 4.04(1) of the Tennessee Rules of Civil Procedure and thus was required to file a proper responsive pleading in order to avoid a default judgment.

In the present case, it is undisputed that Mitchell failed to timely respond to Baker's complaint. *See* Tenn. R. Civ. P. 12.01 (stating that "[a] defendant shall serve an answer within 30 days after the service of the summons and complaint upon the defendant.") Rule 55.01 of the Tennessee Rules of Civil Procedure provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered." Mitchell argues in her defense that she had not formally appeared by filing a pleading prior to the default judgment. She further alleges that she received no notice of Baker's intent to seek a default judgment, and that the default was taken without her knowledge.

Rule 55.02 of the Tennessee Rules of Civil Procedure provides that "for good cause shown the court may set aside a judgment in accordance with Rule 60.02 of the Tennessee Rules of Civil Procedure." Rule 60.02 indicates that "the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment."

The following factors are reviewed when deciding whether a default judgment should be vacated: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted. *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003). In *Discover Bank v. Morgan*, 363 S.W.3d 479 (Tenn. 2012), the Tennessee Supreme Court made clear that "when a party seeks relief from a default judgment due to excusable neglect, whether

pursuant to Rule 54.02, Rule 59.04 or Rule 60.02, of the Tennessee Rules of Civil Procedure, a reviewing court must first determine whether the conduct precipitating the default was willful." *Id.* at 494. "If the court finds that the defaulting party has acted willfully, the judgment cannot be set aside on 'excusable neglect' grounds, and the court need not consider the other factors. If the conduct was not willful, however, then the court must consider whether the defaulting party has a meritorious defense and whether the non-defaulting party would be prejudiced by the granting of relief." *Id*.

The evidence presented supports the finding of willfulness on behalf of Mitchell. By her own admissions, she was personally served with the summons and complaint in October of 2023. Mitchell acknowledges that she intentionally did not respond to the complaint. She had several months and numerous chances to file a responsive pleading but refused to do so. The trial court did not need to proceed to factor (2) (whether the defendant has a meritorious defense) and factor (3) (whether the non-defaulting party would be prejudiced if relief were granted) because the court found that Mitchell's conduct was willful. She failed to satisfy her burden under Rule 60.02.

**2.**

Mitchell asserts that maintaining the default judgment produces a manifestly unjust result—holding her liable for acts she did not commit. She argues that the decision caused a clear injustice, burdening her with a judgment for something she did not do.

Mitchell forfeited her ability to proceed and assert any potential defenses at a trial on the merits by intentionally refusing to file a responsive pleading or appear in any way to contest the allegations pled by Baker. The trial court heard testimony from Baker on all damages requested in his complaint, finding in its memorandum opinion that the elements and damages were properly presented and sufficiently proven to the court. The trial court did not err in entering a judgment for the relief requested because Mitchell failed to file a responsive pleading within the time prescribed, and Baker did not receive any relief outside of what was requested in his complaint.

**3.**

The scope of a judge's discretion regarding the admissibility of witness testimony in Tennessee is broad. "The admissibility of testimony and other evidence, as well as the scope of redirect examination, is within the discretion of the trial court, whose ruling will not be reversed absent an abuse of that discretion." *State v. Clayton*, 535 S.W.3d 829, 861 (Tenn. 2017).

Mitchell contends that the trial court erred in denying her the ability to proffer the testimony of a fact witness in order to assert a potential defense to the facts of Baker's complaint. She asserts that the witness, Daniel Smith, is the perpetrator of the acts

complained of within the complaint. She maintains that the court should have allowed her to elicit testimony from him to establish her defense. According to Mitchell, Smith's testimony would demonstrate:

> (a) that Mitchell did not breach any contract with Baker because she never entered a contract with Baker; (b) that Mitchell owed no duty and committed no negligence toward Baker; (c) that Mitchell made no false representations (thus no fraud or intentional misrepresentation); and (d) that Mitchell never exercised control over Baker's property or funds (thus no conversion by her).

The trial court did not err in refusing to allow Smith to testify at the hearing on Mitchell's Motion to Set Aside and Void Default. Such testimony was not relevant to the trial court's analysis of whether relief should be granted under Rule 60.02. The decision of the court was within its discretion.

**4.**

Tennessee Code Annotated section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages under section 27-1-122 rests soundly within the reviewing court's discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009) (citing *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006)). Mitchell's course of conduct has been to delay. Under these circumstances, we find that Baker is entitled to his reasonable fees and costs on appeal, and we remand the case to the trial court to determine the amount of the fee award.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion and to determine the amount of the fee award. Costs of the appeal are taxed to the appellant, Amanda Lynn Mitchell.

_____
JOHN W. McCLARTY, JUDGE

- 8 -